

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. WR-88,821-01

## EX PARTE VICTOR ALDABA SALCEDO, Applicant

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS
## CAUSE NO. 31673-A IN THE 3RD DISTRICT COURT
## FROM ANDERSON COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to capital murder and was sentenced to life imprisonment without possibility of parole. He did not appeal his conviction.

Applicant contends, among other things,[1] that his trial counsel rendered ineffective assistance resulting in an involuntary plea of guilty. Applicant alleges that trial counsel failed to adequately

---

[1]This Court has reviewed Applicant's other claims and finds them to be without merit.

consult with him or provide him with access to the discovery in the case, failed to investigate, failed to negotiate for a lesser charge or seek mitigation of punishment, failed to file a motion for a change of venue, and advised him to plead guilty because he had no defense to the charges. Applicant alleges that there was evidence suggesting that he was insane at the time of the offense and that he did not actually cause the death of the victim, but that trial counsel did not make use of this evidence. Applicant also alleges that he did not understand the nature and consequences of his plea. Specifically, Applicant alleges that he did not understand that he was pleading guilty in exchange for a life sentence without possibility of parole. Because the State elected not to seek the death penalty before Applicant decided to plead guilty, it is not clear from the record what benefit, if any, Applicant received in exchange for his plea of guilty.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to Applicant's claims of ineffective assistance of counsel and involuntary plea. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall first supplement the record with a transcript of the plea hearing. The trial court shall then make findings of fact and conclusions of law as to whether the performance of

Applicant's trial counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall make findings of fact and conclusions of law as to whether Applicant's guilty plea was knowingly and voluntarily entered. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claims for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: September 12, 2018
Do not publish